UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PETER W. PATOUT                                        CIVIL ACTION

VERSUS                                                 NO.  04-0429

VIGILANT INSURANCE COMPANY                             SECTION  "T" (1)

### ORDER

Currently pending before the Court are a Motion for Summary Judgment (Doc. 10) filed on behalf of the Plaintiff, Peter W. Patout, and a Motion for Summary Judgment (Doc. 12) filed on behalf of the Defendant, Vigilant Insurance Company.  The Court, having reviewed the memoranda submitted by the parties, the evidence presented, the Court record, and the applicable law, is fully advised on the premises and ready to rule.

I.      BACKGROUND

Plaintiff is the owner of a Campeche chair, which was allegedly stolen from his home while he was incarcerated at the Dixon Correctional Facility in Jackson, Louisiana, sometime from September 2000 to October 2002.  Plaintiff did not discover the theft until early November 2002, when Plaintiff learned that the chair was in the possession of a furniture restorer in

Baltimore, Maryland.  Plaintiff filed suit to be declared owner of the chair in the Circuit Court

for Baltimore City, Maryland, in November 2002.  Plaintiff reported the "loss" to his insurer, the

Defendant Vigilant Insurance Company ("Vigilant") on July 11, 2003, and filed suit against the

Defendant on January 22, 2004.  On October 18, 2004, the Maryland court ruled that the chair

belonged to Plaintiff.  This ruling was not appealed, and the chair has since been returned to

Plaintiff.  Plaintiff now claims that he is entitled to recover the costs of recovery from his

insurer, Vigilant, to the amount of $75,221.40 plus interest and costs.


II.      ARGUMENTS OF THE RESPECTIVE PARTIES

        A.  Arguments of Defendant Vigilant Insurance Company in Support of its Motion
for Summary Judgment and in Opposition to Patout's motion:

        First, Vigilant asserts that Plaintiff's claim is prescribed.  The loss occurred in October

2000 and the Plaintiff discovered the loss in July or August 2002.  The chair was located in

October or November 2002 and an action to recover the chair was instituted in Maryland in

November 2002.  The Plaintiff did not file suit against Vigilant until January 22, 2004.

        The policy of insurance provides that suit must be filed within one year of the loss:  "You

agree not to bring legal action against us unless you have first complied with all conditions of

this policy.  You also agree to bring any action against us within one year after a loss occurs, but

not until 30 days after proof of loss has been filed and the amount of loss has been determined."

Vigilant cites Gremillion v. Travelers Indemnity Co., 240 So. 2d 727 (La. 1970), in which the

Louisiana Supreme Court rejected an argument that the one year suit clause must be read in

conjunction with a similar determination of loss clause.  The Court held that the one year suit

clause was clear, and that other provisions of the policy did not extend the time for filing suit

beyond one year from the date of loss.

In the alternative, Vigilant argues that the costs of recovery are not covered by the

insurance policy.  The policy provides for payment only when there is a physical loss of or

damage to the property.  The chair has been returned to Plaintiff and there is no claim that it has

suffered physical damage.  Vigilant notes that in <u>Oppenheimer v. Baker & Williams</u>, 232 N.Y.S.

5 (N.Y.A.D. 1 Dept. 1928), the court held that the insurer was not responsible to pay attorney

fees expended by the insured to recover stolen property absent language requiring the insurer to

bear or contribute to the preservation of the property.  <u>Id.</u> at 9.

Also in the alternative, Vigilant asserts that the amount Plaintiff claims to be entitled to is

unreasonable.  Plaintiff claims he is entitled to recovery costs exceeding $75,000, when the chair

is only valued at $55,000 to $65,000.

**B.  Arguments of Plaintiff Peter W. Patout in Opposition to Defendant's Motion and in Support of his own Motion for Summary Judgment:**

Conversely, Mr. Patout argues that the policy provides that a claim must be brought

within one year from the date of the loss but "not until 30 days after proof of loss has been filed

and the amount of loss has been determined."  Therefore, Mr. Patout submits that the one year

prescriptive period did not begin to run until he was capable of determining his loss, here the

expense of recovery, in December 2004.  Suit was actually filed 12 months earlier on January 22,

2004.  The Plaintiff then distinguishes <u>Gremillion</u> in that the policy in that case related to a

3

Louisiana standard fire insurance policy according to La. R.S. 22:691, and not a Chubb Masterpiece Homeowners policy issued in this case.  The Plaintiff avers that his policy provided a new definition of when a prescriptive period was to begin - 12 months after determination of the loss.

If a homeowner's policy is part of the same contract as the standard fire insurance policy, then the burglary and theft provisions of the homeowner's policy will be governed by the same limitations as the standard fire policy, but the insurer is not precluded from providing theft coverage inconsistent with the standard fire policy.  Grice v. Aetna Casualty and Surety Company,  359 So.2d 1288, 1291 (La. 1978).  Mr. Patout asserts that here, unlike Grice, the policy issued did not include a Louisiana standard fire policy provision, but rather only one time period for filing suit.

Next, Plaintiff asserts that the costs of his recovery of the chair are losses covered by the policy.  Mr. Patout submits that there was a "physical loss" as required by the policy once he lost possession of the chair and that his damages are the costs of recovery.  As evidence Plaintiff points out that the policy defining "Theft" includes a "theft, attempted theft, and loss of property when theft can be presumed."  Plaintiff asserts that this situation involves a loss as a result of an attempted theft, which he contends is covered.  Mr. Patout contends that the policy provides for the payment of replacement costs for a theft loss:

> Replacement Costs.  If the payment basis is replacement costs, we
> will pay the full costs to replace the contents without deduction for
> depreciation or the amount required to repair the damage,
> whichever is less, up to the amount of coverage.

4

> However, for contents which are obsolete or unusable for the
> purposes for which they were originally intended because of their
> age or condition, the payment basis will be the actual cash value.

> Actual Cash Value.  If the payment basis is actual value, we will
> pay the cost to replace the contents less depreciation or the amount
> required to repair the damage, whichever is less, up to the amount
> of coverage.

Defendant's Exhibit 4, Policy of Insurance, Standard Contents Coverage, Form N. 1600017 5/85,

p. D-2.  Mr. Patout asserts that the chair was "obsolete and unusable" due to its age and

condition.  Thus, he claims that the amount due is the actual cash value to the "amount required

to repair the damage."  Here, the amount to repair the damage is the cost of recovery, which is

less than the amount of coverage up to $133,500.

Also, Plaintiff claims that he had a duty to "protect the property from further damage"

under the policy, and that Vigilant is required to "pay the reasonable costs of protecting the

property from further damage."  Plaintiff claims that he protected the chair from further damage,

as he was required, by filing a police report after its theft, by retaining counsel and by instituting

an action to recover the property once he learned of its whereabouts.

Plaintiff further asserts that the claim is reasonable because the chair is valued at

approximately $90,000 by Edward A. Stinson.  Attorney fees incurred were $56,366.36, labor

expenses in protecting the chair were $16,430.90, and travel costs were $2,420.00.

## C.  Arguments of Defendant in Reply:

The Plaintiff was insured by Vigilant from January 1996 through January 5, 2001.  The

last policy was in force from January 5, 2001 through January 5, 2002.  However, the policy was

cancelled on June 29, 2001, for "non payment of premium."  In Mr. Patout's Opposition to

Vigilant's motion for summary judgment, he states that the chair was stolen on October 30,

2002.  Vigilant submits that if the Plaintiff's statement of the date of the theft is taken as true, the

chair was stolen at a time when there was no insurance coverage by Vigilant.


**III.    LAW AND ANALYSIS**

   **A. The Law on Summary Judgment**

   The Federal Rules of Civil Procedure provide that a court should grant a motion for

summary judgment only "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.

Civ. P. 56©). The party moving for summary judgment bears the initial responsibility of

informing the district court of the basis for its motion and identifying those portions of the record

that it believes demonstrate the absence of a genuine issue of material fact. Stults v. Conoco,

Inc., 76 F.3d 651, 655-656 (5th Cir. 1996) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909,

912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), cert denied, 506

U.S. 832 (1992)). When the moving party has carried its burden under Rule 56©), its opponent

must do more than simply show that there is some metaphysical doubt as to the material facts.

The nonmoving party must come forward with "specific facts showing that there is a *genuine*

*issue for trial*." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)

(emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 588. The Court notes that substantive law determines the materiality of facts, and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**B.  The Court's Analysis**

The Plaintiff's arguments fail on two grounds.  First, the Court is of the opinion that the Plaintiff's claim has prescribed because it was filed more than one year from the date of the loss of the chair.  Second, even if his claim hasn't prescribed, the insurance policy at issue does not provide for the recovery of attorney fees in this situation.  Therefore, the Plaintiff's motion should be denied and the Defendant's cross-motion should be granted.

First, summary judgment in favor of Vigilant and against the Plaintiff is proper because the Plaintiff's claims have prescribed.  The policy at issue clearly states

> You agree not to bring legal action against us unless you have first complied with all conditions of this policy.  You also agree to bring any action against us within one year after a loss occurs, but not until 30 days after proof of loss has been filed and the amount of loss has been determined.

Defendant's Exhibit 4, Policy of Insurance, Special Conditions, Form No. 1600017 5/85, p. Y-5. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of a parties' intent.  La. Civ. Code art. 2046 (2005). In Gremillion v. Travelers Indemnity Co., 240 So. 2d 727 (La. 1970), the Louisiana Supreme Court rejected the argument that a one year prescriptive clause had to be read in conjunction with

7

a similar determination of loss clause.  The Court held that the one year prescriptive clause was clear, and that other provisions of the policy did not extend the time for filing suit beyond one year from the date of loss.  This suit specifically overruled an earlier Louisiana Supreme Court decision in <u>Finkelstein v. American Insurance Company of Newark, N.J.</u>, 222 La. 516, 62 So.2d 820 (La. 1952), which allowed the period of time within which a suit could be filed to be suspended as a result of a determination of loss clause.

In the case presently at issue, the contract clearly states that the Plaintiff agreed that legal action will not be brought more than one year after a loss occurs.  The provision requiring that the insured wait thirty days from the filing of proof of loss and from the determination of the amount of loss does not interrupt prescription indefinitely.  That provision merely requires a delay in filing to allow the insurer to act appropriately on a claim before having to be prepared to defend a lawsuit on it.  The provision does not give an insured an infinite amount of time to file suit on a loss by delaying in filing a claim.

Here, the loss occurred when the chair was stolen, not when the Plaintiff incurred legal fees in his attempt to recover the chair.  Based on the facts presented to the Court, the chair was stolen at some point between September 2000 and October 2002, while the Plaintiff was incarcerated.  The Plaintiff did not file suit against Vigilant until January 22, 2004.  Therefore, under the terms of the policy, the Plaintiff's claim has prescribed.

Next, even if the Plaintiff's claim against Vigilant has not prescribed, there still isn't a "loss" covered by the insurance policy.  According to the terms of the policy, "a 'covered loss' is any **physical loss** to your contents or other property covered under this part of your Masterpiece

8

Policy, caused directly by a peril named below, unless stated otherwise or an exclusion applies."

Defendant's Exhibit 4, Policy of Insurance, Standard Contents Coverage, Form No. 1600017

5/85, p. D-3 (emphasis added).  The policy further outlines the methods of payment when a loss

occurs:

> Replacement Costs.  If the payment basis is replacement costs, we
> will pay the full costs to replace the contents without deduction for
> depreciation or the amount required to repair the damage,
> whichever is less, up to the amount of coverage.
>
> However, for contents which are obsolete or unusable for the
> purposes for which they were originally intended because of their
> age or condition, the payment basis will be the actual cash value.
>
> Actual Cash Value.  If the payment basis is actual value, we will
> pay the cost to replace the contents less depreciation or the amount
> required to repair the damage, whichever is less, up to the amount
> of coverage.

Defendant's Exhibit 4, Policy of Insurance, Standard Contents Coverage, Form N. 1600017 5/85,

p. D-2.

The item covered by the Vigilant insurance policy is the Campeche chair.  Under the

policy, if there is a loss to the chair, Vigilant is responsible for paying for its replacement or

repair or for its actual cash value if replacement or repair is impossible.  The policy does not

require Vigilant to pay the costs of recovery of the chair by means of a legal action instituted by

the insured.  The Plaintiff has recovered the chair.  There was no physical damage to the chair.

Had Mr. Patout not been able to recover the chair, or had there been some physical damage to it,

he would have had a claim to either have it replaced or repaired, or he would have had a claim

for the cash value of it.  The Plaintiff has the chair in his possession in the same condition that it

9

was in when it was taken.  The fact that he unilaterally instituted legal action in Baltimore does not require his insurer to reimburse him for those costs.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment (Doc. 10) filed on behalf of the Plaintiff, Peter W. Patout, be and the same is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Doc. 12) filed on behalf of the Defendant, Vigilant Insurance Company, be and the same is hereby **GRANTED.**

New Orleans, Louisiana, this 15th day of August, 2005.

**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**